UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ESTATE OF ANA MENDIETA COLLECTION, LLC,<br><br>  *Plaintiff*,<br><br>   - against -<br><br>EDWARD MERINGOLO and SOTHEBY'S, INC.,<br><br>  *Defendants*. | ECF CASE<br><br>20-CV-01841 (MKV)<br><br><br>**ANSWER, COUNTERCLAIM, AND CROSSCLAIM** |
| SOTHEBY'S, INC.,<br><br>  *Counter-Claimant and Third Party Plaintiff*,<br><br>   - against -<br><br>THE ESTATE OF ANA MENDIETA COLLECTION, LLC,<br><br>  *Counterclaim Defendant*, and<br><br>EDWARD MERINGOLO,<br><br>  *Crossclaim Defendant*. | |

  Defendant Sotheby's, Inc. ("Sotheby's"), by its attorneys, Olsoff | Cahill | Cossu LLP, as and for its answer and counterclaims to (A) the Amended Complaint of Plaintiff The Estate of Ana Mendieta Collection, LLC (the "Estate") (ECF No. 2), and (B) the Crossclaim of Defendant Edward Meringolo ("Meringolo") (ECF No. 15 at 3) states as follows:

**Sotheby's Answer to the Amended Complaint, ECF No. 2 (the "Amended Complaint"):**

  1. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Amended Complaint.

3. Denies the allegations in Paragraph 3 of the Amended Complaint except to the extent that it admits that Sotheby's is a New York corporation with its principal place of business at 1334 York Avenue, New York, NY 10021 and that Sotheby's was, and continues to be, engaged, *inter alia*, in the sale by auction of fine and decorative art.

4. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Amended Complaint.

5. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Amended Complaint.

6. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Amended Complaint.

7. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Amended Complaint.

9. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Amended Complaint, and respectfully refers the Court to Exhibit A of the Amended Complaint (ECF No. 2-1) for its true and complete contents.

10. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Amended Complaint, and respectfully refers the Court to Exhibit B of the Amended Complaint (ECF No. 2-2) for its true and complete contents.

11. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Amended Complaint, and respectfully refers the Court to Exhibit C of the Amended Complaint (ECF No. 2-3) for its true and complete contents.

12. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Amended Complaint, and respectfully refers the Court to Exhibit D of the Amended Complaint (ECF No. 2-4) for its true and complete contents.

13. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Amended Complaint, and respectfully refers the Court to Exhibit E of the Amended Complaint (ECF No. 2-5) for its true and complete contents.

14. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Amended Complaint.

15. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Amended Complaint.

16. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Amended Complaint.

17. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Amended Complaint.

18. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Amended Complaint.

19. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Amended Complaint.

20. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Amended Complaint.

21. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Amended Complaint.

23. Denies the allegations in Paragraph 23 of the Amended Complaint, except to the extent that it admits that, on or about 2018-November-13, Sotheby's entered into a consignment agreement with Meringolo for the consignment of the Artwork.[1]

24. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Amended Complaint.

25. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Amended Complaint, except to the extent that it admits that correspondence was dated February 13, 2019, and respectfully refers the Court to that correspondence for its true and complete contents.

26. Denies the allegations in Paragraph 26 of the Amended Complaint, except to the extent that it admits that there were several communications between Sotheby's and the Estate and Sotheby's respectfully refers the Court to those communications for their true and complete contents.

27. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Amended Complaint, except to the extent that it admits that correspondence

---

[1] As used in this Answer, Counterclaim and Crossclaim, "Artwork" means the photograph by artist Ana Mendieta titled *Guanaroca (Esculturas Rupestres [First Woman Rupestrian Sculptures])*.

was dated February 13, 2019, and respectfully refers the Court to that correspondence for its true and complete contents.

29. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Amended Complaint, except to the extent that it admits that correspondence was dated March 13, 2019, and respectfully refers the Court to that correspondence for its true and complete contents.

30. Denies the allegations in Paragraph 30 of the Amended Complaint.

31. Denies the allegations in Paragraph 31 of the Amended Complaint.

32. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Amended Complaint, except to the extent that it admits that Sotheby's did not receive a deed of gift or certificate of authenticity from Meringolo and that Meringolo expressly represented and warranted that he had the right to consign the Artwork for sale, that the Artwork was free and clear of any and all liens, claims and encumbrances, and that good title and right to possession will pass to the purchaser free of all liens, claims and encumbrances.

33. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Amended Complaint, except to the extent that it admits that correspondence was dated March 28, 2019, and respectfully refers the Court to that correspondence for its true and complete contents.

34. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Amended Complaint, except to the extent that it admits that correspondence was dated August 7, 2019, and respectfully refers the Court to that correspondence for its true and complete contents.

35. Denies the allegations in Paragraph 35 of the Amended Complaint, except to the extent that it admits that Sotheby's did not provide Meringolo's address to the Estate.

36. With respect to every allegation in Paragraph 36 of the Amended Complaint, repeats and reasserts each and every response set forth above in Paragraphs 1 through 35, and incorporates all such responses as though such responses were fully set forth herein.

37. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Amended Complaint.

38. Denies the allegations in Paragraph 38 of the Amended Complaint, except to the extent that it admits that the Estate and Meringolo both made competing claims for the Artwork and Sotheby's respectfully refers the Court to all such communications for their true and correct contents.

39. The allegations contained in Paragraph 39 of the Amended Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's denies knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Amended Complaint.

40. The allegations contained in Paragraph 40 of the Amended Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's denies knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Amended Complaint.

41. With respect to every allegation in Paragraph 41 of the Amended Complaint, repeats and reasserts each and every response set forth above in Paragraphs 1 through 40, and incorporates all such responses as though such responses were fully set forth herein.

42. The allegations contained in Paragraph 42 of the Amended Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's denies knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of the Amended Complaint.

43. Denies the allegations in Paragraph 43 of the Amended Complaint, except to the extent that it admits that the Estate and Meringolo both made competing claims for the Artwork and Sotheby's refers to all such communications for their true and correct contents.

44. The allegations contained in Paragraph 44 of the Amended Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's denies the allegations in Paragraph 44 of the Amended Complaint.

45. The allegations contained in Paragraph 45 of the Amended Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's denies the allegations in Paragraph 45 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of (a) proof or (b) detailing the relevant facts set forth in the Amended Complaint, Sotheby's assert the following defenses.

**FIRST AFFIRMATIVE DEFENSE**

Sotheby's is a disinterested stakeholder holding the Artwork which the Estate and Meringolo both claim to own. Sotheby's makes no claim to the Artwork, but is or may be exposed to multiple liability as a result of the adverse claims of the Estate and Meringolo. Because Sotheby's is subject to liability from both the Estate and Meringolo as result of these competing claims, it cannot turn over the Artwork to either claimant absent a court order or agreement of the parties.

**SECOND AFFIRMATIVE DEFENSE**

Sotheby's should be discharged from this action as a disinterested stakeholder and should be awarded attorney's fees as disinterested stakeholder/interpleader Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, because the Estate has not stated any claim against Sotheby's upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, because the Estate has suffered no damages as a result of any act or omission by Sotheby's.

**SIXTH AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, by the statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

The Estate's claims are barred, in whole or in part, by the failure of the Estate to mitigate its damages.

**TENTH AFFIRMATIVE DEFENSE**

Sotheby's asserts each and every defense available to it under applicable law. Sotheby's reserves the right to assert additional defenses.

**Sotheby's Answer to Meringolo's Crossclaim (ECF No. 15 at 3) (the "Meringolo Crossclaim"):**

23. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Meringolo Crossclaim.

24. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Meringolo Crossclaim.

25. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Meringolo Crossclaim.

26. The allegations contained in Paragraph 26 of the Meringolo Crossclaim are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's admits that it is merely a stakeholder in this action.

27. The allegations contained in Paragraph 27 of the Meringolo Crossclaim are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's admits that it has no right of ownership in the Artwork.

28. With respect to every allegation in Paragraph 28 of the Meringolo Crossclaim, repeats and reasserts each and every response set forth above in Paragraphs 23 through 27, and incorporates all such responses as though such responses were fully set forth herein.

29. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Meringolo Crossclaim, except to the extent that it admits that Meringolo has represented to Sotheby's that he owns the Artwork and is entitled to unfettered possession thereof.

30. Admits the allegations in Paragraph 30 of the Meringolo Crossclaim.

31. The allegations contained in Paragraph 31 of the Meringolo Crossclaim are legal conclusions for which neither an admission nor denial is required; to the extent a response is

required, Sotheby's admits that the Estate and Meringolo both made competing demands for the Artwork and Sotheby's respectfully refers the Court to all such communications for their true and correct contents.

32. Denies the allegations in Paragraph 32 of the Meringolo Crossclaim, except to the extent that it admits that it is a disinterested stakeholder holding the Artwork which the Estate and Meringolo both claim to own. Sotheby's is therefore subject to liability from both the Estate and Meringolo and cannot turn over the Artwork to either claimant absent a court order or agreement of the parties.

33. The allegations contained in Paragraph 33 of the Meringolo Crossclaim are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Sotheby's denies knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Meringolo Crossclaim.

## AFFIRMATIVE DEFENSES

Without assuming the burden of (a) proof or (b) detailing the relevant facts set forth in the Meringolo Crossclaim, Sotheby's assert the following defenses.

## FIRST AFFIRMATIVE DEFENSE

Meringolo's claims are barred, in whole or in part, because Meringolo has not stated any claim against Sotheby's upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Meringolo has agreed to indemnify Sotheby's and hold it harmless from any claims arising out of Meringolo's breach of his representations and warranties that he had the right to consign the Artwork for sale and that title and right to possession would pass to a purchaser free of all liens, claims, and encumbrances, but such representations were false.

**THIRD AFFIRMATIVE DEFENSE**

Sotheby's is a disinterested stakeholder holding the Artwork which the Estate and Meringolo both claim to own. Sotheby's makes no claim to the Artwork, but is or may be exposed to multiple liability as a result of the adverse claims of the Estate and Meringolo. Because Sotheby's is subject to liability from both the Estate and Meringolo as result of these competing claims, it cannot turn over the Artwork to either claimant absent a court order or agreement of the parties.

**FOURTH AFFIRMATIVE DEFENSE**

Sotheby's should be discharged from this action as a disinterested stakeholder and should be awarded attorney's fees as disinterested stakeholder/interpleader Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Meringolo's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Meringolo's claims are barred, in whole or in part, because Meringolo has suffered no damages as a result of any act or omission by Sotheby's.

**SEVENTH AFFIRMATIVE DEFENSE**

The Meringolo's claims are barred, in whole or in part, by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Meringolo's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Meringolo's claims are barred, in whole or in part, by the statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Meringolo's claims are barred, in whole or in part, by Meringolo's failure to mitigate his

11

damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Sotheby's asserts each and every defense available to it under applicable law. Sotheby's reserves the right to assert additional defenses.

**INTERPLEADER COUNTERCLAIM AND CROSSCLAIM**

Sotheby's, Inc. ("Sotheby's) by its attorneys, Olsoff | Cahill | Cossu LLP, as its interpleader counterclaim and crossclaim against Counterclaim Defendant The Estate of Ana Mendieta Collection, LLC (the "Estate"), and Crossclaim Defendant Edward Meringolo ("Meringolo") (together, the "Interpleader Defendants") states as follows:

**NATURE OF THE ACTION**

1. This is an interpleader counterclaim and crossclaim for the determination of whether the Estate or Meringolo has superior right, title, and interest in the Artwork, both of whom have asserted such claim to the Artwork.

2. Sotheby's makes no claim to the Artwork, but is or may be exposed to multiple liability as a result of the adverse claims of the Estate and Meringolo in connection with the title dispute between the Estate and Meringolo over the Artwork.

**THE PARTIES**

3. Sotheby's is a duly organized New York corporation with its principal place of business at 1334 York Avenue, New York, New York 10021.

4. On information and belief, the Estate is a limited liability company formed under the laws of the State of Florida, with an address of 17201 SW 90th Avenue, Palmetto Bay, Florida 33157.

5. On information and belief, Meringolo is an individual domiciled in Georgia with a residence in New York.

**FACTS**

6. At all times relevant to the allegations herein, Sotheby's was, and continues to be, engaged, *inter alia*, in the sale by auction of fine and decorative art.

7. On or about 2018-November-13, Sotheby's entered into a written consignment agreement with Meringolo for the consignment of the Artwork to Sotheby's (the "Consignment Agreement").

8. Pursuant to the Consignment Agreement, Meringolo expressly represented and warranted that he had the right to consign the Artwork for sale, that the Artwork was free and clear of any and all liens, claims and encumbrances, and that good title and right to possession will pass to the purchaser free of all liens, claims and encumbrances.

9. Pursuant to the Consignment Agreement, Meringolo expressly agreed to indemnify Sotheby's and hold Sotheby's harmless from and against any and all claims, actions, damages, losses, liabilities, and expenses (including reasonable attorney's fees) relating to the breach or alleged breach of any of the agreements, representations or warranties in the Consignment Agreement.

10. Meringolo delivered the property to Sotheby's pursuant to the Consignment Agreement for sale in April 2019, Sale No. N10045.

11. On or about 2019-February-13, representatives of the Estate contacted Sotheby's and asserted an ownership claim in the Artwork and demanded that Sotheby's return the Artwork to the Estate.

12. Sotheby's thereafter notified Meringolo of the Estate's claim.

13. Subsequently, Sotheby's received communications from Meringolo disputing the Estate's claim and demanding that Sotheby's return to Artwork to Meringolo.

14. In response to the competing claims of the Estate and Meringolo concerning rightful title to the Artwork, Sotheby's withdrew the Artwork from the sale and notified the

claimants that Sotheby's would not return the Artwork to either claimant until the title dispute is resolved, either by the claimants' written agreement or judicial decree.

15. Sotheby's currently retains possession of the Artwork in New York, New York.

16. Despite Sotheby's efforts to encourage the Estate and Meringolo to resolve their claims, the claimants have continued to assert competing positions with respect to ownership of the Artwork and continue to make competing demands of Sotheby's with respect to the disposition of the Artwork.

**FIRST COUNTERCLAIM AND CROSSCLAIM**
**Interpleader**
**(Against All Interpleader Defendants)**

17. Sotheby's repeats and realleges each of the allegations above in Paragraphs 1 through 16 of this Counterclaim and Crossclaim as though fully set forth herein.

18. The Artwork is subject to conflicting claims of interest and ownership.

19. No act on the part of Sotheby's has caused the conflict of claims.

20. Sotheby's does not know, and it not in a position to determine, whether the Estate or instead Meringolo has superior right, title, and interest in the Artwork.

21. As a result of the competing demands of the Estate and Meringolo with respect to the Artwork, Sotheby's is exposed to multiple liability as a result of the Estate and Meringolo's adverse claims.

22. Sotheby's is a disinterested stakeholder that does not claim any ownership interest in the Artwork and is ready and willing to remit the Artwork to whichever party the Court directs.

23. In its capacity as a mere stakeholder with no claim to the Artwork, Sotheby's seeks to be discharged from this action as a disinterested stakeholder and for leave to place the Artwork in the custody of the Court.

24. Sotheby's also is entitled to recover its costs, fees (including its reasonable attorney's fees), and expenses in having to Answer the Estate's Amended Complaint and Meringolo's Crossclaim and having to assert this interpleader counterclaim and interpleader crossclaim against the Estate and Meringolo, respectively.

### SECOND CROSSCLAIM
### Breach of Consignment Agreement
### (Against Interpleader Defendant Meringolo)

25. Sotheby's repeats and realleges each of the allegations in Paragraphs 1 through 24 of this Counterclaim and Crossclaim as though fully set forth herein.

26. Sotheby's and Meringolo entered into the Consignment Agreement concerning consignment of the Artwork.

27. In the Consignment Agreement, Meringolo expressly represented and warranted that he had the right to consign the Artwork for sale, that the Artwork was free and clear of any and all liens, claims and encumbrances, and that good title and right to possession will pass to the purchaser free of all liens, claims and encumbrances.

28. The competing claim to ownership asserted by the Estate demonstrates that Meringolo has breached his representations and warranties concerning the Artwork.

29. Sotheby's fulfilled its obligations under the Consignment Agreement or was excused because of Meringolo's breach.

30. Sotheby's has been injured and incurred damages as a result of Meringolo's breach of the Consignment Agreement.

31. In the Consignment Agreement Meringolo expressly agreed to indemnify Sotheby's and hold Sotheby's harmless from and against any and all claims, actions, damages, losses, liabilities, and expenses (including reasonable attorney's fees) relating to the breach or alleged breach of any of the agreements, representations or warranties in the Consignment Agreement.

32. Pursuant to the Consignment Agreement then, Sotheby's is entitled to recover from Meringolo the damages Sotheby's incurred, in an amount to be determined at trial, including but not limited to its costs and expenses (including the attorneys' fees it has incurred) as a result of Meringolo's breach.

**WHEREFORE**, Sotheby's requests judgment as follows:

    A.    That the Estate and Meringolo be enjoined from commencing or prosecuting any action or proceeding against Sotheby's in connection with the Artwork;

    B.    That the Estate and Meringolo be required to interplead together with respect to their competing claims to the Artwork;

    C.    That Sotheby's be directed to remit the Artwork to the Court, or to such other person or entity that the Court may direct, to the credit of the action;

    D.    That upon the delivery of the Artwork to the Court or other person or entity, Sotheby's be discharged from all liability to the Estate and Meringolo and all persons or entities related to the Estate or Meringolo, and that Sotheby's be withdrawn from this action;

    E.    That Sotheby's be awarded its costs, disbursements, and reasonable attorneys' fees related to this action;

    F.    That Sotheby's be awarded damages as a result of Meringolo's breach of the Consignment Agreement, including but not limited to its costs, disbursements, and reasonable attorneys' fees; and

    G.    Such other and further relief as the Court deems just and proper.

Dated: 2020-April-30
New York, New York

                          **OLSOFF | CAHILL | COSSU LLP**

                  By:    */s/Jonathan Olsoff*
                          Jonathan Olsoff
                          Aimée Scala
                          1285 Avenue of the Americas, Floor 37
                          New York, New York 10019
                          212-719-4400

                          *Attorneys for Sotheby's, Inc.*