# THE BAYNES LAW FIRM, PLLC.

## Brendan F. Baynes, Esq.

PO Box 160
14340 Route 9W
Ravena, New York 12143

Phone: 518-756-6000
Fax: 518-756-6007
bfb@bayneslawfirm.com

**PLEASE NOTE OUR NEW PO ADDRESS <u>FOR ALL MAIL</u>**

May 15, 2020

**The Estate of Ana Mendieta Collection, LLC
v. Sotheby's, Inc, et al.
Case No.: 1:20-cv-01841-MKV**

**VIA ELECTRONIC COURT FILING ONLY**

Hon. Mary Kay Vyskocil
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2230
New York, New York  10007-1312

Dear Judge Vyskocil:

      This letter is submitted in accordance with the Court's Individual Rules of Practice in response to Plaintiff The Estate of Ana Mendieta Collection, LLC's pre-motion submission dated May 12, 2020.

      There are glaring issues of fact presented by the pleadings in this action which, it is respectfully submitted, will require the denial of plaintiff's proposed motion to dismiss Meringolo's counterclaims and/or to strike his affirmative defenses.

      The primary questions of fact pertain to Meringolo's allegation of ownership and provenance of the Artwork and the plaintiff's alleged inaction and assumptions relating to the Artwork over the last 33 years.

      Meringolo's counterclaim alleges that he purchased the Artwork from Rebecca Ballenger as a bona fide purchase for value (DKT 15; ¶ 23); that Rebecca Ballenger was the true and valid owner of the Artwork at the time of sale (DKT 15; ¶ 24) that Rebecca

Page 2
**The Baynes Law Firm, PLLC**

Ballenger represented that she has (sic)[1] and in fact had been gifted the Artwork by the Artist before the Artist's demise (DKT 15; ¶ 25); that Meringolo owns the Artwork and is entitled to unfettered ownership thereof (DKT 15; ¶ 29).  Also, Meringolo's Second Counterclaim repeats and realleges every allegation, denial, admission and affirmative defense alleged at Paragraphs 1 through 27 of Meringolo's answer (DKT 15; ¶ 28).  Thus, Meringolo's replevin counterclaim incorporates denials of plaintiff's factual allegation and affirmative defenses pertaining to plaintiff's allegations.

As Plaintiff acknowledges, in a motion to dismiss, the Court accepts all of the non-movants allegations as true and deems all reasonable inferences in the non-movant's favor.  Here, Meringolo has alleged that he purchased the Artwork from Rebecca Ballenger as a bona fide purchase for value, that she was the owner of the Artwork and that she had been gifted the Artwork by the Artist. These are all factual allegations which, if accepted as true, would entitle Meringolo to an order of replevin of the Artwork. Rule 8(a)(2) mandates "a short and plain statement of the claim showing that the pleader is entitled to relief."  Meringolo's counterclaim is in accord with this directive.  While Meringolo's counterclaim is not as lengthy and does not incorporate hearsay exhibits like the Complaint herein, the facts alleged are more than sufficient to state a claim for relief.

As to Meringolo's affirmative defenses, Meringolo acknowledges that the Statute of Limitations defense must be stricken and/or is hereby withdrawn.  With respect to the defense of laches, the leading New York case on this defense on a replevin claim, Solomon P. Guggenheim Found vs Lubell, 77 NY2d 311, 321 (1977) supports this defense in assessing the lack of effort and reasonableness of the conduct of the Estate in doing nothing for 33 years to locate the Artwork, particulary when it was allegedly aware that the last known possessor of the Artwork before Ana Mendieta's death was Rebecca Ballenger and knew that the Artwork was missing after the Artist's death. (*See* allegations of FAC; ¶ 25). The plaintiff's own allegations of its inaction create questions or fact regarding the defenses of laches and estoppel. (Rule 12f)

As to Meringolo's affirmative defense of lack of standing and failure to add a necessary party, plaintiff seeks to invoke documents and matters outside the pleadings. These defenses are raised as the face of plaintiff's complaint alleges that decedent, Ana Mendieta, died a resident of New York, survived by a husband Carl Andre, yet her intestate estate passed to Mendieta's mother (FAC; ¶ 19-22) (contrary to the law of intestate succession in New York - EPTL § 4-1.1). Counsel for plaintiff had advised me that "Carl Andre signed a legal document declining his right to inherit." I am not aware of what "glitch" exists in the Estate proceedings. I have not been provided with proof of
Page 3

---

[1] Should read "had".

Page 3
**The Baynes Law Firm, PLLC**

a renunciation pursuant to EPTL § 2-1.11(c)2 by Carl Andre, nor, due to the COVID-19 pandemic, been able to access the New York County Surrogate's file for the Estate of Ana Mendieta to verify same. A renunciation under EPTL § 2-1-1.1 has very specific requirements and time limitations to be effective. If plaintiff can provide proof of the renunciation and documentation of the resulting intestate succession, then defendant would withdraw these affirmative defenses.

In conclusion, plaintiff's proposed motion should be denied and this matter should proceed to discovery.

Respectfully submitted,

**The Baynes Law Firm, PLLC.**

By: _____
Brendan F. Baynes
Federal Bar Roll No.: 601005

cc:

Via ECF
Barbara Hoffman, Esq.
*Attorneys for Plaintiff*
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023

Via ECF
Aimee Scala, Esq.
Olsoff Cahill Cossu, LLP
1285 Avenue of the Americas (FL 37)
New York, New York 10019